1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    MICHAEL J. HASSEN (Bar No. 124823)
2   mjh@jmbm.com
    CHRISTOPHER H. DOYLE (Bar No. 190016)
3   chd@jmbm.com
    Two Embarcadero Center, Fifth Floor
4   San Francisco, California  94111-3824
    Telephone:   (415) 398-8080
5   Facsimile:   (415) 398-5584

6   Attorneys for Defendant AIG FEDERAL SAVINGS
    BANK, formerly known as WILMINGTON FINANCE,
7   a Division of AIG FEDERAL SAVINGS BANK,
    improperly named in this action as WILMINGTON
8   FINANCE, INC.

9

10

11                  UNITED STATES DISTRICT COURT

12                 CENTRAL DISTRICT OF CALIFORNIA

13                        WESTERN DIVISION

14

| | |
|---|---|
| 15  ERNESTO CERVANTES and MARIA GUADALUPE VELASQUEZ, | CASE NO.  CV09-5378 DDP (JEMx) |
| 16 | **NOTICE OF MOTION AND MOTION OF DEFENDANT AIG FEDERAL SAVINGS BANK OF MOTION FOR SUMMARY JUDGMENT** |
| 17          Plaintiffs, | |
| 18      v. | |
| 19  WILMINGTON FINANCE, INC., a Delaware corporation; GUIDO GIL & | Date:      October 19, 2009 |
| 20  ASSOCIATES, INC., a California corporation; and HOMEQ SERVICING, | Time:      10:00 a.m. Ctrm:      3 |
| 21  an unknown business entity; and DOES 1 through 20, inclusive, | Judge:     Dean D. Pregerson |
| 22          Defendants. | |
| 23 | |
| 24  AIG FEDERAL SAVINGS BANK, | |
| 25          Cross-Claimant, | |
| 26      v. | |
| 27  GUIDO GIL & ASSOCIATES, INC., a California corporation, | |
| 28          Cross-Defendant. | |

JMBM | Jeffer Mangels Butler & Marmaro LLP

AIG FEDERAL SAVINGS BANK,

         Counterclaimant,

    v.

ERNESTO CERVANTES and MARIA
GUADALUPE VELASQUEZ,

         Counterdefendants.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

        PLEASE TAKE NOTICE that on October 19, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California, before the Honorable Dean D. Pregerson, Defendant AIG FEDERAL SAVINGS BANK, formerly known as WILMINGTON FINANCE, a Division of AIG FEDERAL SAVINGS BANK, improperly named in this action as WILMINGTON FINANCE, INC. ("AIG FSB") will and hereby does move this Court for Summary Judgment on the Complaint filed by Plaintiffs Ernesto Cervantes and Maria Guadalupe Velasquez ("Plaintiffs") on or about March 30, 2009. [1]

        This Motion is filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.  The Motion is made on the grounds that as a matter of law and undisputed fact, AIG FSB is entitled to judgment as follows:

        1.    Summary Judgment on the First Cause of Action for damages and rescission under the Truth in Lending Act because the claims are time-barred, all

---

[1] On September 22, 2009, Plaintiffs filed a Motion for Leave to File First Amended Complaint with attached Proposed First Amended Complaint ("Amended Complaint")  The claims in the Amended Complaint are largely duplicative of the claims in the current Complaint and fail as a matter of law for many of the same reasons articulated in this Motion for Summary Judgment. Accordingly, should the Court allow the Amended Complaint, AIG FSB will respond to any new allegations in its Reply papers.

JMBM | Jeffer Mangels Butler & Marmaro LLP

required disclosures were provided to Plaintiffs at closing, and Plaintiffs have failed to show an ability to repay the loan proceeds.

2. Summary Judgment on the Second Cause of Action for violation of the Real Estate Settlement Procedures Act ("RESPA") because there is no private right of action under RESPA to challenge the failure to provide the proper pre-closing disclosures and any claim for violation of Section 2607 is time-barred.

3. Summary Judgment on the Third and Fourth Causes of Action for violations of California's Predatory Lending Law and the Home Ownership and Equity Protection Act because neither statute applies to the loan at issue and, even if the statutes did apply, the claims are time-barred.

4. Summary Judgment on the Fifth Cause of Action for fraud because it is time-barred and because the documents show that AIG FSB made no misrepresentations or failed to disclose any material information.

5. Summary Judgment on the Sixth Cause of Action for breach of fiduciary duty because AIG FSB owed no fiduciary duty to Plaintiffs as a matter of law.[2]

6. Summary Judgment on the Ninth, Tenth, and Eleventh Causes of Action for violations of the Unruh Civil Rights Act, the Fair Housing Act, and the Equal Credit Opportunity Act, respectively, because they are time-barred.

7. Summary Judgment on the Twelfth Cause of Action for violation of the Unfair Competition Law because the underlying statutory and common law claims fail as a matter of law.

8. Summary Judgment on the Thirteenth Cause of Action for violation of California Civil Code § 1632(b) because the statute does not apply to the loan at issue or to AIG FSB, the claim is time-barred, and Plaintiffs have failed to show an ability to repay the loan proceeds.

---

[2] The Seventh and Eighth Causes of Action are not directed at AIG FSB.

1            9.      Summary Judgment on the Fourteenth Cause of Action for

2    declaratory relief because it is duplicative of the First through Thirteenth Causes of

3    Action, which fail as a matter of law.

4            This Motion is based on this Notice, the Memorandum of Points and

5    Authorities, the Statement of Uncontroverted Facts and Conclusions of Law, the

6    Declarations of Christopher H. Doyle, Robert Murphy, Christopher L. Kelly and the

7    exhibits attached thereto, all pleadings and records on file in this action and upon

8    further oral or documentary information or evidence that may be submitted prior to or

9    at the hearing on this Motion.

10           <u>Local Rule 7-3.</u>

11           This Motion is made following the required pre-filing meet and confer

12   pursuant to Local Rule 7-3.  As explained in the concurrently filed Declaration of

13   Christopher H. Doyle, counsel for AIG FSB conferred with counsel for Plaintiffs via

14   telephone and discussed the contents of this Motion.  The parties were not able to

15   resolve the need for a hearing on the Motion.

16

17   DATED:  September 25, 2009      JEFFER, MANGELS, BUTLER &

18                                 MARMARO LLP
                              MICHAEL J. HASSEN

19                                 CHRISTOPHER H. DOYLE

20

21                             By: <u>/s/ Christopher H. Doyle</u>
                                  CHRISTOPHER H. DOYLE

22                             Attorneys for Defendant AIG FEDERAL
                          SAVINGS BANK, formerly known as

23                             WILMINGTON FINANCE, a Division of AIG
                          FEDERAL SAVINGS BANK, improperly

24                             named in this action as WILMINGTON
                          FINANCE, INC.

25

26

27

28

PRINTED ON
RECYCLED PAPER

Jeffer Mangels
Butler & Marmaro LLP

JMBM