O

No JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO CERVANTES and MARIA GUADALUPE VELASQUEZ,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WILMINGTON FINANCE, INC., a Delaware corporation; GUIDO GIL & ASSOCIATES, INC., a California corporation; and HOMEQ SERVICING, an unknown business entity,<br><br>　　　　　　　Defendants. | Case No. CV 09-05378 DDP (JEMx)<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, (2) GRANTING DEFENDANT HOMEQ'S MOTION TO DISMISS, (3) GRANTING IN PART DEFENDANT AIG'S MOTION FOR SUMMARY JUDGMENT, AND (4) DISMISSING PLAINTIFFS' REMAINING STATE LAW CLAIMS AGAINST DEFENDANT AIG**<br><br>[Motions filed on August 7, 2009, September 22, 2009, and September 25, 2009] |

**I.　BACKGROUND**

On June 15, 2009, Ernesto Cervantes and Maria Guadalupe Velazquez ("Plaintiffs") filed a Complaint in California Superior Court against defendants AIG Federal Savings Bank ("AIG"), formerly known as Wilmington Finance, a Division of AIG, and Barclays Capital Real Estate, Inc., doing business as HomEq Servicing ("HomEq").[1] Plaintiffs' Complaint alleges violations of various federal and state laws stemming from Plaintiffs' mortgage

---

[1] Plaintiffs erroneously named Defendant AIG as "Wilmington Finance, Inc." and Defendant HomEq as "HomEq Servicing."

transaction and the imminent foreclosure of Plaintiffs' home. On July 23, 2009, AIG timely removed the action to this Court.

On July 30, 2009, AIG filed its Answer, Cross-Claim against mortgage brokers Guido Gil & Associates, Inc., for contractual indemnification and equitable indemnity, and Counterclaim against Plaintiffs for intentional and negligent misrepresentation.

On August 7, 2009, HomEq filed its Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). On September 22, 2009, Plaintiffs filed their Motion for Leave to File a First Amended Complaint. On September 25, 2009, AIG filed its Motion for Summary Judgment.

**II. DISCUSSION**

    **A.  Plaintiffs' Motion for Leave to File a First Amended Complaint**

        1.  <u>Plaintiffs' Proposed Amendments</u>

Plaintiffs move for leave to file a first amended complaint ("FAC") on the grounds that they have discovered new facts, including: (1) the identity of the current holder of the mortgage note and (2) that at least one document purportedly submitted by Plaintiffs along with their loan application to AIG (attached as exhibits to AIG's Counterclaim) appears to be "a complete forgery." (Plaintiff's Mot. 3:17.) Plaintiffs propose to amend the Complaint to (1) add "Deutche," the current holder of the note, as an additional defendant; (2) "amend and assert additional claims based upon the recent discovery of the forged loan application," (Mot. 3: 20-21); and (3) dismiss all of the federal claims asserted in the Complaint except for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602.

2

2.  <u>Legal Standard</u>

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave. "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In light of the federal policy favoring the determination of cases on their merits, this policy is to be applied with "extreme liberality." <u>Eminence Captial, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003); <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001). Factors that may justify denying a Rule 15(a)(2) motion include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason," however, "the leave sought should, as the rules require, be 'freely given.'" <u>Id.</u> Prejudice to the opposing party is the "touchstone" of this inquiry. <u>Eminence Capital, LLC</u>, 316 F.3d at 1052.

3.  <u>Analysis</u>

The Court denies Plaintiffs' leave to amend because the proposed amendments would be futile. Plaintiffs' propose to dismiss all of their federal law claims with the exception of a claim for damages under TILA. However, Plaintiffs' proposed claim under TILA would be time-barred.

Actions for damages under TILA are subject to a one year statute of limitations. 15 U.S.C. § 1640(e). The Ninth Circuit has held that the one-year window for filing a TILA damages claim generally "runs from the date of the consummation of the

3

transaction." King v. State of Cal., 784 F.3d 910, 915 (9th Cir. 1986). TILA implementing Regulation Z provides that an action for rescission under TILA must be brought within three years of the consummation of the loan. 12 C.F.R. § 226.23.

Plaintiffs allege the transaction at issue was consummated in "November or December of 2005," (Proposed FAC ¶ 12), over three years prior to June 15, 2009, the date they filed the Complaint. Plaintiffs plead no facts showing they are entitled to equitable tolling; to the contrary, the proposed FAC alleges that the alleged TILA violations "were all apparent on the face of the relevant documents." (Proposed FAC ¶ 34.)

Furthermore, for the reasons set forth below, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims where Plaintiffs fail to plead a valid claim under federal law. Therefore, the Court denies Plaintiffs' motion because the proposed amendments would be futile.

**B.   Defendant HomEq's Motion to Dismiss**

   1.   <u>Legal Standard</u>

Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering a 12(b)(6) motion to dismiss for failure to state a claim, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

4

1    A court need not accept as true conclusory allegations or
2 allegations stating a legal conclusion. <u>In re Stac Elecs. Sec.
3 Litig.</u>, 89 F.3d 1399, 1403 (9th Cir. 1996); <u>Iqbal v. Ashcroft</u>, 129
4 S.Ct. 1937, 1940-41 (2009) ("mere conclusions[] are not entitled to
5 the assumption of truth.").  A court properly dismisses a complaint
6 on a Rule 12(b)(6) motion based upon the "lack of a cognizable
7 legal theory" or "the absence of sufficient facts alleged under the
8 cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901
9 F.2d 696, 699 (9th Cir. 1990).  The plaintiffs must allege
10 "plausible grounds to infer" that their claims rise "above the
11 speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,
12 127 S. Ct. 1955, 1965 (2007).  That is, the plaintiffs' obligation
13 requires more than "labels and conclusions" or a "formulaic
14 recitation of the elements of a cause of action." <u>Id.</u> at 1964-65.

15    2.   <u>Analysis</u>

16    Plaintiffs concede that they have failed to state a claim
17 against HomEq for violating the Fair Debt Collection Practices Act
18 ("FDCPA"), 15 U.S.C. § 1692, the only federal cause of action
19 asserted against HomEq.  (Opp. to Mot. to Dismiss 2:17-18.)  The
20 Court therefore grants HomEq's motion to dismiss with respect to
21 Plaintiffs' seventh cause of action.

22    Because Plaintiffs have failed to state a claim arising under
23 federal law against HomEq, the Court declines to exercise
24 supplemental jurisdiction over the remaining state law claims.  The
25 Court therefore dismisses Plaintiffs' state law claims against
26 HomEq without prejudice as to re-filing in state court.

**C.  Defendant AIG's Motion for Summary Judgment**

    1.  Legal Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." Id.  Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.  There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

    2.  Analysis

Defendant AIG moves for summary judgment on all fourteen causes of action alleged in the Complaint.  Plaintiffs concede that there is no genuine issue of material fact as to the second, third, fourth, tenth, eleventh, and fourteenth causes of action.  The Court therefore grants summary judgment in favor of AIG on those claims.

6

a. <u>TILA Claim</u>

Plaintiffs concede that the statute of limitation has run on their TILA claim, the only remaining federal cause of action against AIG. Nonetheless, they assert that they are entitled to equitable tolling because they "only speak and read Spanish" and "had no reason to believe that there was any fraud involved or that the loan was not a true adjustable rate loan, until April 2009." (Opp. to Mot. for Summary Judgment 6:7-9.)

Equitable tolling may suspend the statute of limitations until the borrower "discovers or had reasonable opportunity to discover the fraud or nondisclosure that forms the basis of the TILA action." <u>King</u>, 784 F.3d at 915. A plaintiff must therefore establish that he is entitled to equitable tolling because "despite all due diligence, [he] is unable to obtain vital information bearing on the existence of his claim." <u>Santa Maria v. Pacific Bell</u>, 202 F.3d 1170, 1178 (9th Cir. 2000).

Plaintiffs have failed to raise a genuine issue of material fact with respect to equitable tolling. Plaintiffs realized in January 2008 that the monthly payments on their loan were increasing. (Velazquez Decl. ¶ 19.) However, they waited until April 2009 to contact an attorney with respect to their loan. (<u>Id.</u> ¶ 27.) There is no evidence that in the meantime Plaintiffs made any effort to obtain the loan documents and other required disclosure statements that AIG allegedly failed to provide to them. Plaintiffs have therefore failed to raise a genuine issue of material fact with respect to their due diligence. The Court grants summary judgment in favor of AIG on Plaintiffs' TILA claim because it is time-barred.

       b. <u>Remaining State Law Claims</u>

Because the Court grants summary judgment in favor of AIG on all of Plaintiffs' federal law claims at an early stage in this litigation, the Court declines to exercise supplemental jurisdiction over Plaintiffs' fifth, sixth, seventh, eighth, ninth, twelfth, and thirteenth causes of action, which all assert violations of state law.

**III. CONCLUSION**

For the foregoing reasons, the Court:

  1. DENIES Plaintiffs' Motion for Leave to File a First Amended Complaint.

  2. GRANTS HomEq's Motion to Dismiss with prejudice as to Plaintiffs' seventh cause of action and without prejudice as to the remaining state law claims.

  3. GRANTS IN PART AIG's Motion for Summary Judgment with respect to Plaintiffs' first, second, third, fourth, tenth, eleventh, and fourteenth causes of action.

  4. Declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims against AIG and therefore dismisses them.

IT IS SO ORDERED.

Dated: October 15, 2009

DEAN D. PREGERSON
United States District Judge